IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| JOEL ADRIAN, | : | CIVIL ACTION NO. **3:12-CV-2585** |
| --- | --- | --- |
| Plaintiff | : | (Judge Mariani) |
| v. | : | (Magistrate Judge Blewitt) |
| MATTHEW PAUL WILLIAMS, *et al.*, | : | |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

**I.    BACKGROUND.**

On December 26, 2012, Plaintiff Joel Adrian, an inmate confined at SCI-Huntingdon located in Huntingdon, Pennsylvania, filed, *pro se*, this instant civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff also filed a Motion for Leave to Proceed *in forma pauperis* on that same date. (Doc. 2).

Plaintiff names the following two (2) Defendants in his three-page, handwritten form Complaint: (1) Police Officer Matthew Paul Williams; and (2) Freeland Borough Police Department. (Doc. 1, pp. 1-2). Plaintiff indicates that SCI-Huntingdon's grievance procedure is not applicable to his claims. (*Id.*, p. 1). The Court has jurisdiction over Plaintiff's action pursuant to 28 U.S.C. § 1331 and § 1343(a). We will now screen Plaintiff's Complaint in accordance with § 1915 of the PLRA.

**II.    STANDARDS OF REVIEW.**

    **A.    PLRA**

As stated, Plaintiff has filed an application to proceed *in forma pauperis* pursuant to 28

U.S.C. § 1915. (Doc. 2). The Prison Litigation Reform Act of 1995,[1] (the "PLRA"), obligates the Court to engage in a screening process when a prisoner wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Specifically, Section 1915(e)(2), which was created by § 805(a)(5) of the Act, provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

**B.     42 U.S.C. § 1983**

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993). Further, Section 1983 is not a source of substantive rights. Rather, it is a means to redress violations of federal law by state actors. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002). *See also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa. 2005); *Slater v. Susquehanna County*, 613 F. Supp. 2d 653, 660 (M.D. Pa. 2009) (citations omitted); *Stankowski*

---

[1] Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

2

*v. Farley*, 487 F. Supp. 2d 543, 550 (M.D. Pa. 2007) ("only those who act under color of state law are liable to suit under section 1983."). "In order to satisfy the second prong [of a §1983 civil rights action], a Defendant does not have to be a state official, but can also be held liable as a state actor." *Slater v. Susquehanna County*, 613 F. Supp. 2d at 660(citations omitted).

It is well-established that personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*. *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra*. It is also well-settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a § 1983 case and that a complaint must allege such personal involvement. *Id*. Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. *Id*. As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. (Citations omitted).

A civil rights complaint must state time, place, and responsible persons. *Id*. Courts have also held that an allegation seeking to impose liability on a defendant based on supervisory status, without more, will not subject the official to section 1983 liability. *See Rode,* 845 F.2d at 1208.

The Court uses the same standard to screen a complaint under the PLRA as it does for a 12(b)(6) motion to dismiss. *See O'Connell v. Sobina*, 2008 WL 144199, *3 (W.D. Pa.); *Matthews v. Villella*, 2009 WL 311177, *2 (M.D. Pa.).

C.    **MOTION TO DISMISS**

In *Reisinger v. Luzerne County*, 712 F.Supp. 2d 332, 343-344 (M.D. Pa. 2010), the Court stated:

> The Third Circuit Court of Appeals recently set out the appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions *Bell Atlantic Corp. v. Twombly,* 550 U.S. 433 (2007), and *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937 (2009). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.' " *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted). *McTernan v. City of York,* 577 F.3d 521, 530 (3d Cir.2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan, Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir.2009).
>
> [D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [ *Iqbal,* 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Allegheny],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme

> Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*
> *Fowler,* 578 F.3d at 210-11.
>
> The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " *Guirguis v. Movers Specialty Services, Inc.,* No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) ( quoting *Twombly,* 550 U.S. at 555) (not precedential).

### III. COMPLAINT ALLEGATIONS.

In his three-paragraph, handwritten Statement of Claim, Plaintiff alleges that on October 6, 2011, he was taken into custody based on a warrant, and while Plaintiff was in handcuffs, Defendant Officer Williams "struck [him] in the face with a punch which knocked [Plaintiff] to the ground and split wide-open [his] bottom lip and inside cheek." Plaintiff further alleges that "while [he] was injured and bleeding[,] it took the officer [Williams] three hours to take [him] to the nearest hospital for stiches (sic) [and] now [he is] permanently scar[r]ed and it's (sic) gotten hard for [him] to chew certain foods." (Doc. 1, p. 2). Therefore, Plaintiff is alleging that based on these facts, Defendant Williams violated his Fourth Amendment protection from excessive force during his arrest. (*Id.*).

As relief, Plaintiff requests two hundred fifty thousand dollars ($250,000.00)[2] as damages for pain and suffering, emotional distress and medical bills. (Doc. 1, p. 3).[3]

IV. DISCUSSION.

Plaintiff is alleging that Defendant Williams violated his Fourth Amendment right to protection from excessive force during an arrest when he punched Plaintiff, knocking him to the ground and causing damage to his lip and cheek. (Doc. 1, p. 2). Plaintiff does not directly state any facts involving the Defendant Freeland Borough Police Department anywhere in his Complaint, but rather only names the Freeland Borough Police Department as a Defendant on his Complaint's cover sheet and on page 2 of his Complaint in the Defendants section. (Doc. 1, pp. 1-3). Thus, Plaintiff does not assert any allegations or constitutional claims against Defendant Freeland Borough Police Department. Rather, it appears that Defendant Williams was a police officer employed by Defendant Freeland Borough Police Department.

The standard governing excessive force claims in the course of an arrest, investigatory stop or other type of seizure is specified by the United States Supreme Court in *Graham v.*

---

[2]Plaintiff's requests for specific amounts of monetary damages (Doc. 1, p. 3) should be stricken. Since Plaintiff seeks unliquidated damages, he cannot claim specific sums of relief. Pursuant to Local Rule 8.1, M.D. Pa., Plaintiff's requests for specific monetary damages should be stricken from his Complaint. *See Stuckey v. Ross*, Civil No. 05-2354, M.D. Pa., 1-9-06 Order, J. McClure; *Said v. Donate*, Civil No. 07-1550, M.D. Pa.

[3]To the extent that Plaintiff is seeking monetary damages (*i.e.*, compensatory damages) against Defendant Williams in his official capacity, we will recommend that this request for relief be dismissed with prejudice as Plaintiff can only seek monetary damages from Defendant in his personal capacity. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *Meekins v. Beard*, 2007 WL 675358, *3 (M.D. Pa.); *Mitchell v. Luckenbill*, 680 F.Supp. 2d 672, 681 (M.D. Pa. 2010); *Gale v. Stori*, 608 F.Supp. 2d 629, 636 (E.D. Pa. 2009).

*Connor*, 490 U.S. 386, 109 S.Ct. 1865 (1989). Pursuant to *Graham*, excessive force claims are analyzed under the Fourth Amendment's objective reasonableness standard. (*Id*.). Thus, because Plaintiff's claim arose while he was being arrested, Plaintiff's excessive force claim must be considered under the Fourth Amendment's reasonableness standard.

"A claim for excessive force under the Fourth Amendment requires a plaintiff to show that a seizure occurred and that it was unreasonable. *Curley v. Klem*, 298 F.3d 271, 279 (3d. Cir. 2002); *Rivas v. City of Passaic*, 365 F.3d 181 (3d. Cir. 2004). A seizure of the plaintiff occurs "[w]henever an officer restrains the freedom of [the plaintiff] to walk away." *Tennessee v. Garner*, 471 U.S. 1, 7, 105 S.Ct. 1694 (1985). In the present case, as discussed, the allegations shows that a seizure of the Plaintiff occurred on October 6, 2012, as he was handcuffed by Defendant Williams and therefore not free to walk away. (Doc. 1, p. 2). Thus, the remaining issue is whether Defendant William's seizure of Plaintiff was unreasonable.

The Third Circuit in *Rivas v. City of Passaic*, 365 F.3d 181, 198 (3d Cir. 2004)[4] stated:

> An excessive force claim must be evaluated "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight" and "must embody the allowance for the fact that police officers are often forced to make split-second judgments -- in circumstances that are often tense, uncertain, and rapidly evolving -- about the amount of force that is necessary in a particular situation." *Graham*, 490 U.S. at 396-97, 109 S.Ct. 1865. The inquiry turns on "objective reasonableness," meaning that the standard is whether the police officer's "actions [were] 'objectively reasonable' in light of the facts and circumstances" facing the officer, regardless of the officer's intent or motivation. *Id*. at 397, 109 S.Ct. 1865.

---

[4]*Rivas* is also found at 2004 WL 877645.

In the context of a §1983 claim, as we are presented with in this case, there is a three-part test to be applied in determining the reasonableness of the force which was used. The following factors are to be considered:

1. "the severity of the crime at issue;"

2. "whether the suspect poses an immediate threat to the safety of the officers or others;" and

3. "whether [the arrestee] is actively resisting arrest or attempting to evade arrest by flight. "

*Graham,* 490 U.S. at 396, 109 S.Ct. at 1867.

The *Rivas* Court stated that:

> Additional factors include "the possibility that the persons subject to the police action are themselves violent or dangerous, the duration of the action, whether the action takes place in the context of effecting an arrest, the possibility that the suspect may be armed, and the number of persons with whom the police officers must contend at one time." *Sharrar v. Felsing*, 128 F.3d 810, 822 (3d Cir. 1997). The reasonableness of the use of force is normally an issue for the jury. *See Abraham v. Raso*, 183 F.3d 279, 290 (3d Cir. 1999). While some courts "freeze the time frame" and consider only the facts and circumstances at the precise moment that excessive force is applied, other courts, including this one, have considered all of the relevant facts and circumstances leading up to the time that the officers allegedly used excessive force. *See, e.g., Abraham*, 183 F.3d at 291.

*Rivas*, 365 F.3d at 198.

Careful attention to the facts and circumstances of each particular case must be given, including the aforementioned three factors. *Graham,* 490 U.S. at 396. In analyzing these three factors in relation to the aforementioned facts, we find that Plaintiff has sufficiently alleged his Fourth Amendment excessive force claim against Defendant Williams. Plaintiff has alleged

8

personal involvement of Defendant Williams as he described this Defendant as punching him in the face, and Plaintiff has alleged that a seizure occurred as he was restrained by handcuffs and thus not free to walk away. Also, Plaintiff has properly alleged that the force Defendant Williams used during the seizure was unreasonable because he avers that Williams punched him in the face while he was handcuffed.

Thus, we will recommend that Plaintiff's Fourth Amendment excessive force claim against Defendant Williams be allowed to proceed.

With regards to Defendant Freeland Borough Police Department, Plaintiff has failed to sufficiently allege his Fourth Amendment excessive force claim against this Defendant. Plaintiff has not alleged any facts that indicate this Defendant's involvement in his claim beyond that based on the theory of *respondeat superior*.

Based on the above-detailed allegations in Plaintiff's Complaint, Plaintiff does not mention Defendant Freeland Borough Police Department at all. Rather, it appears Plaintiff named Freeland Borough Police Department as a Defendant merely because officer Williams was employed by it and based on the doctrine of *respondeat superior*. This does not meet the requisite factual specificity to state a Fourth Amendment claim against Defendant Freeland Borough Police Department.

Defendant Freeland Borough Police Department cannot be held liable for the conduct of persons it supervises pursuant to *respondeat superior*. *Meyers v. Schuylkill Co. Prison*, 2006 WL 559467, *9 (M.D. Pa.).[5] Rather, Defendant Freeland Borough Police Department "[is]

---

[5]*See also Mangus v. DCP*, 2010 WL 521114, *8-*6 (M.D. Pa.).

9

subject to liability [in a §1983 action] to the extent [it] maintain[ed] an unconstitutional custom or policy that caused the alleged constitutional violation." *Id*. (citation omitted). *See also Monnell v. Department of Social Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

In *Mangus*, the Court stated:

> With respect to such institutional defendants it is clear that a County cannot cannot be held liable for the unconstitutional acts of its employees on the theory of respondeat superior. *See Monnell v. Department of Social Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Instead, [a plaintiff] must demonstrate that the violation of his rights was caused by either a policy or a custom of the [county]. *See Beck v. City of Pittsburgh,* 89 F.3d 966, 971 (3d Cir.1996). *Berg v. County of Allegheny,* 219 F.3d 261, 275 (3d Cir.2000).

2010 WL 521114, *3.

No such custom or policy is specifically alleged by Plaintiff with respect to Defendant Freeland Borough Police Department. Plaintiff does not make any allegations as described above against Defendant Freeland Borough Police Department necessary to make it subject to liability in this case. Based on *Malles and Meyers*, as well as *Magnus*, we find Plaintiff's allegations do not sufficiently state that Defendant Freeland Borough Police Department caused any alleged conduct of Defendant Williams by having customs, policies, practices and procedures, and how these policies gave rise to violations of his constitutional rights.

The Third Circuit has held that a Plaintiff who filed an *in forma pauperis* request and whose Complaint fails to state a cognizable claim is entitled to amend his pleading unless the Court finds bad faith, undue delay, prejudice, or futility. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 111 (3d Cir. 2002); *Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir.

10

2004).  Based upon the above, we find that it would not be futile to allow Plaintiff to amend his Complaint against Defendant Freeland Borough Police Department.  Thus, we will recommend that Defendant Freeland Borough Police Department be dismissed without prejudice as we do not find futility in allowing Plaintiff to amend his Complaint to properly state a *Monell* claim against this Defendant.

V.      **RECOMMENDATION**.

Based on the foregoing discussion, we respectfully recommend that the Court:

1.  **ALLOW TO PROCEED** Plaintiff's Fourth Amendment Excessive Force Claim against Defendant Williams.

2.  **DISMISS WITHOUT PREJUDICE** Defendant Freeland Borough Police Department to allow Plaintiff the opportunity to properly raise a *Monell* claim.

3.  **DISMISS WITH PREJUDICE** Plaintiff's request for monetary damages from Defendant Williams in his official capacity.

4.  **REMAND** this case to the undersigned for further proceedings.

s/ Thomas M. Blewitt  
**THOMAS M. BLEWITT**  
**United States Magistrate Judge**

**Dated: January 10 , 2013**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOEL ADRIAN, | : | CIVIL ACTION NO. **3:12-CV-2585** |
| | : | |
| Plaintiff | : | (Judge Mariani) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| MATTHEW PAUL WILLIAMS, *et al.*, | : | |
| | : | |
| Defendants | : | |

# NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **January 10, 2013.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objection to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

                                                          s/ Thomas M. Blewitt
                                                          **THOMAS M. BLEWITT**
                                                          **United States Magistrate Judge**

**Dated: January 10, 2013**