IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOEL ADRIAN, | : | CIVIL ACTION NO. **3:12-CV-2585** |
| | : | |
| Plaintiff | : | (Judge Brann) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| MATTHEW PAUL WILLIAMS, *et al.*, | : | |
| | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

### I.      BACKGROUND.

On December 26, 2012, Plaintiff Joel Adrian, an inmate confined at SCI-Huntingdon located in Huntingdon, Pennsylvania, filed, *pro se*, this instant civil rights action pursuant to 42 U.S.C. § 1983.  (Doc. 1).  Plaintiff also filed a Motion for Leave to Proceed *in forma pauperis* on that same date.  (Doc. 2).

Plaintiff names the following two (2) Defendants in his three-page, handwritten form Complaint: (1) Police Officer Matthew Paul Williams; and (2) Freeland Borough Police Department.  (Doc. 1, pp. 1-2).  Plaintiff indicates that SCI-Huntingdon's grievance procedure is not applicable to his claims.  (*Id.*, p. 1).   The Court has jurisdiction over Plaintiff's action pursuant to 28 U.S.C. § 1331 and § 1343(a).   On January 10, 2013, we issued a Report and Recommendation recommending the following:

1.      **ALLOW TO PROCEED** Plaintiff's Fourth Amendment Excessive Force Claim against Defendant Williams.

2. **DISMISS WITHOUT PREJUDICE** Defendant Freeland Borough Police Department to allow Plaintiff the opportunity to properly raise a *Monell* claim.

3. **DISMISS WITH PREJUDICE** Plaintiff's request for monetary damages from Defendant Williams in his official capacity.

4. **REMAND** this case to the undersigned for further proceedings.

(Doc. 5).

On May 23, 2013, the Court adopted in full our Report and Recommendation. (Doc. 10). On May 29, 2013, we granted Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*. (Doc. 11). On July 17, 2013, Defendants filed a Motion to Dismiss Plaintiff's Complaint and their Brief in Support of same. On August 7, 2013, after the time limitation for Plaintiff's response passed we *sua sponte* granted Plaintiff until August 19, 2013 to file his opposition brief to Defendants' Motion to Dismiss or we would recommend that Plaintiff be deemed as not opposing Defendants' Motion. (Doc. 21). To date, Plaintiff has not responded to Plaintiff's Motion to Dismiss. Furthermore, on August 23, 2013, mail sent to Plaintiff was returned as undeliverable.[1] (Doc. 22).

Thus, to date, Plaintiff failed to notify the Court of his new address and he still has not filed his Response to Defendants' Motion to Dismiss as directed.

---

[1] The Court further notes that mail was also returned as undeliverable on both June 3, 2013 and June 6, 2013. (Docs. 13 & 14).

2

## II.  COMPLAINT ALLEGATIONS.

In his three-paragraph, handwritten Statement of Claim, Plaintiff alleges that on October 6, 2011, he was taken into custody based on a warrant, and while Plaintiff was in handcuffs, Defendant Officer Williams "struck [him] in the face with a punch which knocked [Plaintiff] to the ground and split wide-open [his] bottom lip and inside cheek."  Plaintiff further alleges that "while [he] was injured and bleeding[,] it took the officer [Williams] three hours to take [him] to the nearest hospital for stiches (sic) [and] now [he is] permanently scar[r]ed  and it's (sic) gotten hard for [him] to chew certain foods."  (Doc. 1, p. 2).  Therefore, Plaintiff is alleging that based on these facts, Defendant Williams violated his Fourth Amendment protection from excessive force during his arrest.  (*Id.*).

## III.  DISCUSSION.

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action for "failure of the plaintiff to *prosecute* or comply with these rules or *order of court* . . ." Fed.R.Civ.P. 41(b) (emphasis added).  In the instant case, Plaintiff has failed to prosecute his action,  has failed to notify the Court of his new address  and, has failed  to comply with the Orders of this Court by his failure to timely file his Response to Defendants' Motion to Dismiss.  Plaintiff has taken no action with  respect to his case since March 19, 2013, when he wrote a letter to the Court. (Doc. 9).  In our August 7, 2013 Order, we explained to Plaintiff that in order to proceed, he would have to comply with the Order to  file his Response to Defendants' Motion to Dismiss on or by August  19, 2013, and failure to do so would lead to a recommendation that his action be dismissed.  (Doc. 21). More than fourteen (14) days has passed since we issued our Order

directing Plaintiff to file his Response to Defendants' Motion to Dismiss by August 19, 2013. Plaintiff has failed to timely file his Response to Defendants' Motion to Dismiss, and, furthermore, Plaintiff no longer resides at SCI-Huntington, and he failed to notify the Court of his new address as required by the Local Rules. (Doc. 22).

The behavior of Plaintiff constitutes a willful failure to prosecute his case, as opposed to a situation in which he has had problems in pursuing his case, but made efforts to comply with this Court's August 7, 2013 Order. We find that Plaintiff's "behavior has been so egregious as to make self-evident the factual findings and analysis [of the *Poulis* factors]." *Williams v. Kort*, 223 Fed. Appx. 95, 103 (3d Cir. 2007). We find that the consequences of his failure to prosecute his case were clearly known to him, namely, we would recommend that his case be dismissed. *See Leininger v. Twoton, Inc.*, 2009 WL 1363386 (M.D. Pa.). Therefore, we shall recommend that this case be dismissed without prejudice under Rule 41(b) due to Plaintiff's failure to prosecute it and due to his failure to comply with this Court's August 7, 2013 Order. Plaintiff should be deemed as abandoning his action. *See McCray v. Dauphin Co. Prison*, 2007 WL 431886 (M.D. Pa); *Nelson v. Berbanier*, 2006 WL 2853968 (M.D. Pa.).

Because we find that Plaintiff's conduct clearly shows that he intended to abandon his case, we do not find that an analysis of the factors of *Poulis v. State Farm Fire & Cas. Co.*, 747 F.3d 863, 868 (3d Cir. 1984) is required before recommending that this case be dismissed under Rule 41(b). *See Spain v. Gallegos*, 26 F.3d 439, 454-55 (3d Cir. 1994); *Guyer v. Beard*, 907 F. 2d 1424 (3d Cir. 1990) (the district court's requirement to perform an analysis under

*Poulis* is obviated where Plaintiff's conduct is so egregious as to demonstrate an abandonment

of his case).

In *Jackson v. Johnson*, 2006 WL 2136218, *1 (M.D. Pa.), the Court stated that "Fed. R.

Civ. P. 41(b) allows for the dismissal of an action where the Plaintiff fails to prosecute or fails to

comply with rules or orders of the court."

The *Jackson* Court also stated:

> The factors set forth in *Poulis v. State Farm Fire & Casualty Co.,* 747 F.2d 863, 868 (3d Cir.1984) [are analyzed] to determine whether dismissal of the action is appropriate in this case. The *Poulis* factors the Court should consider are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Poulis,* 747 F.2d at 868.
>
> We agree with the Magistrate Judge's determination that the Plaintiff's dilatoriness outweighs any of the other considerations set forth in *Poulis,* and that Plaintiff's failure to comply with the Order of May 30, 2006 indicates that the Plaintiff has abandoned this lawsuit. His inaction points to no other logical conclusion.

*Id*.

Thus, out of an abundance of caution, we also analyze the *Poulis* factors. We find that

Plaintiff's stated conduct in delaying his case is attributed to him personally. Plaintiff was

required to have filed his Response to Defendants' Motion to Dismiss by August 19, 2013.

(Doc. 21). However, Plaintiff has not properly filed any response as directed by the August 7,

2013 Court Order, and also he has given no indication that he intends to pursue his action.

Plaintiff has failed to contact the Court to give his new address as required and, he has not provided an explanation as to why he failed to comply with our August 7, 2013 Order. Furthermore, Plaintiff no longer resides at SCI-Huntingdon, as Document 22 indicates, and his current address is not known.

We find that Plaintiff has caused prejudice to Defendants since they have been named in a federal lawsuit. We now find that Plaintiff has a significant history of dilatoriness in this case, and that his present conduct in failing to prosecute his December 26, 2012 case is also evidence of dilatoriness, especially since this case cannot proceed without his compliance with the Court's Orders and Local Rules.

Plaintiff was advised of the consequences of his failure to comply with the Court's Orders, and thus, we shall now recommend that his case be dismissed without prejudice in accordance with Rule 41(b). As stated, this case cannot proceed without Plaintiff's compliance with the Court's Orders. Because we shall recommend that Plaintiff's case be dismissed without prejudice and because Plaintiff is seeking to proceed *in forma pauperis*, we find that other sanctions would not be effective in this case.

Thus, we find that the *Poulis* factors weigh in favor of dismissing this case without prejudice and that Plaintiff's failure to comply with the Court's Orders and Local Rules demonstrates he has abandoned his case.

**IV.** **RECOMMENDATION**.

Based on the foregoing discussion, we respectfully recommend that the Court, in accordance with Rule 41(b), that this case be dismissed without prejudice on the basis of Plaintiff's failure to comply with the Court's Orders, failure to notify the Court of his new address and, failure to prosecute his action.



s/ Thomas M. Blewitt
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: September 4, 2013**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOEL ADRIAN,                           :        CIVIL ACTION NO. **3:12-CV-2585**
                                       :
            Plaintiff                  :        (Judge Brann)
                                       :
            v.                         :        (Magistrate Judge Blewitt)
                                       :
MATTHEW PAUL WILLIAMS, *et al.*,       :
                                       :
            Defendants                 :

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **September 4, 2013.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within fourteen (14)
> days after being served with a copy thereof.  Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections.  The briefing
> requirements set forth in Local Rule 72.2 shall apply.  A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge.  The judge, however,
> need conduct a new hearing only in his or her discretion or where
> required by law, and may consider the record developed before the magistrate judge,
> making his or her own determination on the basis
> of that record.  The judge may also receive further evidence, recall
> witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objection to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.




                                    s/ Thomas M. Blewitt
_____     THOMAS M. BLEWITT
                                    United States Magistrate Judge


**Dated: September 4, 2013**